IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JIMMY TUCKER**, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-61-RWS-JBB |
| **DR. NATHAN PRADAN, ET AL.**, | § § | |
| Defendant. | § § | |

# ORDER

Before the Court is Plaintiff Jimmy Tucker's objections to the Magistrate Judge's Report and Recommendation. Docket No. 33. Plaintiff, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), proceeding *pro se*, filed this lawsuit alleging violations of his constitutional rights under 42 U.S.C. § 1983. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff contends that he suffers from a tic disorder called tardive dyskinesia, which resulted from the prolonged use of a medication called Haldol, prescribed to him by TDCJ medical personnel. Docket No. 1 at 3. He states that he was also prescribed medications called Cogentin and Prolixin for the side effects caused by Haldol. *Id.* His physicians, however, cancelled these side effect medications. *Id.* Plaintiff complains that Defendants were deliberately indifferent in prescribing Haldol without prescribing the medications to treat the side effects of the drug. *Id.* He specifically asserts that he should have been prescribed Cogentin for his tardive dyskinesia. *Id.*

The Magistrate Judge ordered the prison officials to provide a *Martinez* Report, consisting of Plaintiff's medical, grievance, and classification records, along with any other records, incident reports, or investigations concerning his claims. Docket No. 13; *see also Martinez v. Aaron*, 570 F.2d

317, 319 (10th Cir. 1978); *Parker v. Carpenter*, 978 F.2d 190, 191–92 n.2 (5th Cir. 1992). Plaintiff was given a copy of the *Martinez* Report and provided an opportunity to respond, but he did not do so. After reviewing the pleadings and the *Martinez Report*, to the extent that the *Martinez Report* did not contradict the pleadings, the Magistrate Judge recommended that the lawsuit be dismissed as frivolous. Docket No. 32 at 17–18. The Magistrate Judge observed that although claims of deliberate indifference to a prisoner's serious medical needs could state a civil rights violation, claims of negligence do not. *Id.* at 12. Deliberate indifference is an "extremely high standard that requires a (1) showing of objective exposure to a substantial risk of serious harm, (2) subjective knowledge by the Defendants about this risk, (3) denial or delay of medical treatment despite this subjective knowledge of risk, and (4) serious harm as a result of denial or delay. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2010).

The Magistrate Judge found that disagreement about recommended medical treatment generally is not sufficient to show deliberate indifference. Docket No. 32 at 12–13 (citing *Petzold*, 946 F.3d at 249; *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985)); *see also Bakre v. Kendall*, No. 20-40660, 2022 WL 1165649 (5th Cir., April 20, 2022) (holding a case was properly dismissed as frivolous where plaintiff "received extensive treatment but disagreed with particular aspects of that treatment"). The Magistrate Judge explained that under TDCJ policy, the treating medical provider—in this case, the Defendant Physician's Assistant Mark Warren—has final say over a patient's medical care. Docket No. 32 at 14. The opinions of other providers, such as the physicians at Hospital Galveston, are simply recommendations. *Id*. A failure by the treating medical provider to follow the recommendations of other physicians, without more, does not itself amount to deliberate indifference. *Gobert*, 463 F.3d 339 at 342; *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999).

Plaintiff also complained of the original prescription for Haldol. Docket No. 1 at 6–7. The Magistrate Judge observed that while it was not clear when this medication was prescribed, the medical records show that this prescription was discontinued in June of 2017, almost three years prior to his filing suit. *See* Docket No. 32 at 15. Thus, the Magistrate Judge reasoned that a claim based on prescribing the medication would be barred by the statute of limitations. *Id.* (citing *Alcoser v. Ford*, 830 F. App'x 743, 744 (5th Cir. 2020)). In addition, the Magistrate Judge explained that Plaintiff's claim on this point was frivolous because Plaintiff failed to show that prescribing him Haldol was an act of deliberate indifference. *Id.* The Magistrate Judge observed that the National Library of Medicine describes Haldol as a commonly used anti-psychotic drug used to treat schizophrenia as well as other disorders. *Id.* Plaintiff's medical records showed that he had been on anti-psychotic medications since the mid-1990's, and the Magistrate Judge stated that there was no indication that treating Plaintiff with a commonly used medication amounted to deliberate indifference to his serious medical needs. *Id.*

Plaintiff also complained of a medical procedure he received called an occipital nerve block. Docket No. 1 at 7. The Magistrate Judge, however, determined that Plaintiff's dissatisfaction with the result of this procedure also did not demonstrate deliberate indifference. Docket No. 32 at 15–16. Finally, the Magistrate Judge concluded that Plaintiff's claims against practice manager Cathy McPeak were frivolous because she had no direct involvement in his medical care and her denial of his grievances did not show a constitutional violation. *Id.* at 16–17.

In his objections to the Magistrate Judge's Report, Plaintiff complains that "a prison medical practitioner," presumably referring to Warren, ignored the professional recommendations of other physicians who recommended that Plaintiff receive Cogentin. Docket No. 33 at 1–2. Plaintiff states that "no logical explanation has been given for this clear and reckless denial of adequate medical

care but the fact that TDCJ policy gives prison medical staff the final say has been mentioned." *Id.* at 2. He repeatedly argues that Warren's failure to prescribe Cogentin after it had been recommended by other physicians constituted deliberate indifference. *See id.* at 6–7. But, as the Magistrate Judge correctly concluded, Plaintiff's disagreement with the determination not to provide Cogentin does not show that this determination was deliberate indifference or a "clear and reckless denial of adequate medical care." *See* Docket No. 33 at 2. The medical records show that Warren advised Plaintiff that Cogentin could make tardive dyskinesia worse.[1] Docket No. 24 at 120–21. The refusal to prescribe a medication which the provider believed would worsen the condition is not deliberate indifference. Plaintiff's objection on this point is without merit.

Next, Plaintiff asserts that he filed grievances as complaints about being denied the recommended side effect medication. Docket No. 1 at 6–7. He asserts that these grievances are clear evidence of deliberate indifference. *Id.* As the Magistrate Judge stated, Plaintiff's belief that he should have received Cogentin and his disagreement with the decision not to prescribe it does not show that any of the Defendants were deliberately indifferent to his serious medical needs. Docket No. 32 at 15–16. Nor does the fact that his grievances were not resolved to his satisfaction show a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (Plaintiff "does not have a federally protected liberty interest in having [] grievances resolved to his satisfaction."). Plaintiff's objections on this point are without merit.

Plaintiff also claims that he did not immediately file suit because he has always pursued "a peaceful resolution and adequate medical care for his injuries." Docket No. 33 at 7–8. He says that

---

[1] The American Psychiatric Association says that "anticholinergic drugs such as benztropine [cogentin] or diphenhydramine (sometimes used to manage drug-induced Parkinsonism) can make TD [tardive dyskinesia] symptoms worse and ideally should be stopped in patients with TD." Goldberg, Joseph, *Tardive Dyskinesia: Assessing and Treating a Debilitating Side Effect of Prologed Antipsychotic Exposure*, Psychiatric News, https://psychnews.psychiatryonline.org/doi/10.1176/appi.pn.2021.3.10.

he did not know the cause of his neck jerks but asserts that he learned that it could have resulted from taking Haldol without Cogentin. *Id.* at 8. Further, he states this lawsuit is timely because he filed a Step Two grievance in April of 2018 as well as the fact that he is still suffering from the continuous denial of adequate medical care. *Id.*

There is no federal statute of limitations for § 1983 actions; instead, "federal courts borrow the forum state's general personal injury limitations period" and applicable tolling provisions. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). The applicable period in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Although Texas law governs the limitations period and the tolling exceptions, federal law governs when the cause of action accrues. *Jackson v. City of Hearne, Tx.*, 959 F.3d 194, 205 (5th Cir. 2020) (citing *Burrell*, 883 F.2d at 418). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id*. This means that for the limitations period to commence, the plaintiff need not realize that a legal cause of action exists, but "need only know the facts that would support a claim." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The Magistrate Judge correctly determined that this claim is barred by limitations. As the Magistrate Judge stated, Plaintiff's prescription for Haldol was discontinued in June of 2017, and he complained of a "twitch in the head and neck" in July of 2017. Docket No. 32 at 6. This is the injury forming the basis of the claim, and Plaintiff plainly had knowledge of it well over two years prior to the filing of his lawsuit. *Id.* at 15. In addition, the Magistrate Judge also properly concluded that this claim is frivolous because Plaintiff offered nothing to suggest that the prescribing of Haldol amounted to deliberate indifference to his serious medical needs. *Id.*; *see also Fenlon v. Quarterman*, 350 F. App'x 931, 933 (5th Cir. 2009) (holding that an incorrect diagnosis of a

prisoner's cancer, and failure to render proper treatment based upon this incorrect diagnosis, did not amount to deliberate indifference). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 33) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 32) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above captioned matter is **DISMISSED WITH PREJUDICE** as frivolous.

**So ORDERED and SIGNED this 18th day of September, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE